# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed March 28, 1927.

RED STAR LINE, INCORPORATED, VS.

E. AUSTIN BAUGHMAN, COMMISSIONER OF MOTOR VEHICLES.

*Clarence W. Miles* and *Eugene A. Edgett* for petitioner.

*Herbert Levy*, Assistant Attorney-General, for respondent.

O'DUNNE, J.—

The question presented arises on amended petition filed March 22. To this, the answer to original petition is to be considered as refiled, with petitioner's demurrer thereto.

The application is for a mandamus to compel the Commissioner of Motor Vehicles to make refund of $1,206 to the Red Star Line for surplus unearned rental, or tax, for use of certain Maryland roads by petitioner engaged in interstate commerce along certain routes for which it paid the sum of $6,486 at a time when it estimated it would use in the calendar year a certain mileage between designated points, between Washington and Philadelphia, and later diverted its routes to other points. On the basis of the original computation, $1,206 advance payment would be unearned because of non-use

arising out of such diversion of its route.

If the question here presented was the validity of the requirement of a carrier engaged in interstate commerce to *make annual payment in advance* for the calendar year for the estimated use based on *mileage* and size and capacity of bus, an interesting constitutional question would be raised under the commerce clause of the Federal Constitution, as to whether the State of Maryland could require more than a tax or rental charge for the use of its highways, *based on actual use*, and whether such tax or rental charge would be valid which required payment for the year (or for half the year if operations started after July 1 in any year).

That question, as it seems to me, is not properly before the Court on this application. This is not a refusal to divide the tax or rental charge for use of highways into less than semi-annual payments, but is a demand for refund for annual payment made, a portion of which has been *unused*. The application presents a strong argument for appeal to the *legislative conscience* (whatever that is) for refund in its budget, or by way of credit on rental charge for use of Maryland highways on new routes to which its lines have been by it diverted. Mandamus is one of the high prerogative writs for the purpose of compelling a public officer to discharge a plain duty where no discretion in its exercise is vested in such official. I find no such plain duty exists. A strong moral claim for refund or credit seems to me to be an entirely different matter.

For which reason the petition for mandamus is hereby dismissed, this 27th day of March, 1927.